[S. F. No. 10401. In Bank.—September 19, 1923.]

CLARA E. NEWPORT et al., Petitioners, v. THE SUPERIOR COURT OF THE COUNTY OF STANISLAUS, etc., Respondents.

[1] QUIETING TITLE — JUDGMENT — INJUNCTION.—Where the judgment in a suit to quiet title contains an injunctive provision, "and all adverse claims of each and all of said defendants in and to said land, or in or to any part thereof, are invalid and groundless, and that the said defendants are and each of them is perpetually enjoined and restrained from setting up the same," the injunction is not violated by defendants in said action bringing a suit in which it is prayed that the title secured by the plaintiff in the quiet title suit shall be adjudged to be held in trust for the plaintiffs in the present suit.

[2] ID.—VOID JUDGMENT—RIGHT TO ATTACK.—A judgment in a suit to quiet title could not enjoin the parties from taking proceedings for the purpose of having it adjudged that the judgment was void, for no judgment could enjoin an attack upon it based upon the claim that it was absolutely void.

[3] ID. — CHARGE OF FRAUD IN OBTAINING JUDGMENT. — In an action to quiet title to real property, where it was alleged that the plaintiff was the owner in fee simple and that the adverse claims of the defendant were invalid and groundless and enjoined the defendant from setting up the same, a decree in favor of the plaintiff does not prevent the defendants from claiming in another suit that the decree itself was fraudulently obtained and void.

APPLICATION for a Writ of Certiorari to review an order of the Superior Court of Stanislaus County adjudging petitioner guilty of contempt of court. K. S. Mahon, Judge Presiding. Order annulled.

The facts are stated in the opinion of the court.

Humphrey, Grant, Zimdars & Warren for Petitioners.

Hawkins & Hawkins, W. J. Brown, T. B. Scott, J. M. Walthall, A. J. Carlson, Dennett & Zion, Griffin, Boone & Boone, S. P. Elias and Herbert Chamberlin for Respondents.

WILBUR, C. J.—The petitioners have applied for a writ of review of the proceedings by the respondent court resulting in an adjudication of contempt of court against the petitioners. An order was made requiring respondents to show cause why such writ should not issue, and in response to such order the respondents have demurred to the petition.

The entire record is set up in the petition, and it appears therefrom the petitioners were adjudged guilty of contempt of court because of the commencement of an action alleging violation of the injunctive provisions of a judgment rendered in the action of *Plato* v. *Newport.*

The provision of the judgment in the suit to quiet title (*Plato* v. *Newport*) contained the following injunctive provision: " . . . and all adverse claims of each and all of said defendants in or to said land, or in or to any part thereof, are invalid and groundless, and that the said defendants are and each of them is perpetually enjoined and restrained from setting up the same."

It is unnecessary in this opinion to state fully the nature of the action instituted by the petitioners herein, which, it is claimed, violated the terms of such injunctive order, for the reason that such facts are fully stated in our decision in *Newport* v. *Hatton* filed herewith (*Newport* v. *Hatton*, 66 Cal. Dec. 351).

The action instituted by the petitioners herein, as we view it, is an action which fully recognizes the decision of the superior court in the suit of *Plato* v. *Newport*, but

prays that the title thereby secured by the plaintiff Plato shall be adjudged to be held in trust for the plaintiffs in the case of *Newport* v. *Hatton, supra.*

[1] It was not a violation of the injunctive provisions of the judgment to institute such an action. The action begun by the petitioners, who were adjudged guilty of contempt by the respondents, was one which fully recognized the fact that the legal title to the property in question was by the decree in the suit to quiet title vested in the plaintiff in that action.

It is true that the plaintiffs in the case of *Newport* v. *Hatton, supra,* charged that the judgment in the quiet title suit of *Plato* v. *Newport* was obtained by fraud and for that reason claim that the judgment in that case was void. [2] Even viewed in that light, a judgment in a suit to quiet title could not enjoin the parties from taking proceedings for the purpose of having it adjudged that the judgment was void, for no judgment could enjoin an attack upon that judgment based upon the claim that such judgment was absolutely void.

We think it wholly unnecessary to follow the elaborate argument of the respondents whereby it is sought to establish that the injunctive order had full force and effect until vacated in some fashion, and that the mere filing of a complaint charging the judgment to be void does not destroy its validity and effect, for the reason that it is evident that, even if the court had the power to enjoin an action of the character brought by the petitioners, its judgment cannot reasonably be construed to have that effect, for every judgment must be construed with relation to the particular matter before the court for adjudication. In that action it was alleged that the plaintiff was the owner of the title in fee simple and that the adverse claims of the defendant were invalid and groundless and enjoined the defendant from setting up the same. [3] It is obvious that there was no intention by the decree to prevent the defendants claiming that the decree itself was fraudulently obtained and void. That is not the character of the claim which was before the court for adjudication in the suit to quiet title.

The adjudication of contempt should be annulled. Unless within thirty days the respondents annul the order judging

the petitioners guilty of contempt of court a writ of review will be issued requiring the certification of the record to this court.

Lennon, J., Kerrigan, J., Seawell, J., Waste, J., and Lawlor, J., concurred.