[Civ. No. 8813.   Third Dist.   June 21, 1956.]

ALVIN P. HOBBY et al., Appellants v. CITY OF SONORA, Respondent.

Ross A. Carkeet for Appellants.

William C. Coffill for Respondent.

PEEK, J.—Plaintiffs and appellants are the owners of real property located outside the corporate limits of the defendant city. The property is improved with a duplex dwelling. During the year 1939 plaintiffs' predecessors in interest paid the city the sum of $100 for the privilege of connecting a sewer from said property to a private sewage line outside said city limits, which line in turn emptied into the city's sewage system. Since the date of the original connection neither plaintiffs nor their predecessors in interest have paid any other or further charge to the defendant for such sewage service. On June 15, 1953, the city enacted Ordinance Number 244 which, among other things, provided for the imposition and collection of a service charge of $36 per year for sewer connections to two-family dwellings located outside the corporate limits of said city. Plaintiffs refused to pay the charge and instituted the present proceeding to enjoin the defendant city from collecting the same. The city answered, denying generally the allegations of plaintiffs' complaint, and by cross-complaint sought recovery of the service charge and penalty. The court found that plaintiffs' predecessors in interest had paid the city the sum previously alleged for the privilege of connecting a sewer from their property as heretofore mentioned; that there was no contract, written or otherwise, entered into between either plaintiffs' predecessors in interest or plaintiffs and the city wherein the city agreed to perpetually process or dispose of sewage without charge; and that plaintiffs' predecessors in interest received only a revocable permit to connect to the city's sewage system. Plaintiffs' appeal is from the judgment which was entered pursuant to said findings.

Although numerous contentions were originally made by plaintiffs, they rely now upon only two: (1) That the ordi-

nance is invalid and unconstitutional because of arbitrary discrimination against users residing outside of the city; and (2) that the city has attempted to impair the obligation of its contract. We find no merit in either contention.

In summarizing the argument in support of their first contention, plaintiffs properly concede that the city could not be compelled to set up a schedule of rates which would apply equally to users within the city and to those without. But they contend that the action of the city in setting up its schedule of charges for connection with the city's system is a fund-raising scheme which places the entire burden upon the county users who have already paid in full for their service privileges, and therefore since no portion of the burden is placed upon the users inside of the city, it is discriminatory to plaintiffs. We find nothing in the case relied upon by plaintiffs which supports such contention. If it could be said that the plaintiffs, as well as all other residents of Tuolumne County, constituted a class equally amenable to any ordinance passed by the council of the city, then there might be some validity to plaintiffs' argument, but such is not the case. The city of Sonora could no more compel the plaintiffs, as residents of the county, to connect with the city's sewer system than could plaintiffs compel the city to extend its lines into county territory and allow the county residents to connect therewith. The system is owned wholly by the taxpayers of the city of Sonora. The area is not embraced within a sewage district wherein plaintiffs would be placed upon a parity with the residents of the city of Sonora, thereby affording plaintiffs such equality of right as to service and charges as would be available to persons constituting a class within such a district. In other words, since the city owns the system and the plaintiffs do not, nor as noted do they have any interest whatsoever therein, any right they might acquire to use the system could only arise out of and be predicated upon a contractual relationship with the city. It necessarily follows that under the facts and circumstances disclosed by the record herein, there can be no question of discrimination.

The conclusion we have reached as to plaintiffs' first contention necessarily poses the second question raised by them—that enactment of the ordinance was an impairment of the city's contract with them. The obvious error in such contention is the assumption by plaintiffs that a contract was entered into between their predecessors in interest and

the city. Here the court specifically found that the city merely granted to plaintiffs' predecessors a continuing, revocable permit for the right to connect with the city's sewage system and use of the same upon payment of the sum charged by the city for the use thereof. This finding is amply sustained by the testimony of the mayor of the city of Sonora, the only witness who testified in this regard.

The judgment is affirmed.

Van Dyke, P. J., concurred.