[Civ. No. 33140. First Dist., Div. One. Dec. 29, 1975.]

HOWARD ELLIOTT, Plaintiff and Appellant, v.
CITY OF PACIFIC GROVE et al., Defendants and Respondents.

## COUNSEL

Reith & Wellington and Robert R. Wellington for Plaintiff and Appellant.

Theodore G. Morris for Defendants and Respondents.

## OPINION

**MOLINARI, P. J.**—This is an appeal from a judgment in favor of defendants following the granting of a motion for a judgment on the pleadings.

The action is one for a declaratory judgment and an injunction seeking an adjudication as to whether the City of Pacific Grove can charge persons residing out of the city limits who are connected to a sewer system of the city a higher rate than persons residing within the city limits without showing a reasonable basis for the higher rate. The trial court granted the motion for a judgment on the pleadings on the basis of *Hobby* v. *City of Sonora,* 142 Cal.App.2d 457 [298 P.2d 578].[1]

*Hobby* involved an ordinance imposing an annual service charge on two-family dwellings outside the city limits for sewer connections with the city's sewage system. It was contended that the ordinance was invalid and unconstitutional because of arbitrary discrimination against users residing outside the city and that the city attempted to impair the

[1]No petition for a hearing by the Supreme Court was filed.

obligation of its contract. Both contentions were found to be without merit. It was conceded ·by the plaintiffs that the city could not be compelled to set up a schedule of rates which would apply equally to users within the city and to those without. The asserted ground of discrimination was that the county users had already paid a charge for connecting with the city's system and that since they had already paid in full for their service privileges the ordinance was discriminatory to the plaintiffs since no portion of the burden was placed upon the users inside the city. This contention was answered by the rationale that since the city could not. compel residents outside the city to connect with the city's system which was wholly owned by the taxpayers of the city any right they might acquire to use the system could only arise out of and be predicated upon a contractual relationship with the city. (142 Cal.App.2d at p. 459.) The impairment of contract contention was disposed of upon the rationale that the plaintiffs merely had a continuing revocable permit for the right to connect with the city's sewage system and to use it on payment of the sum charged by the city for such use. (At pp. 459-460.)

In considering the propriety of the trial court's order granting the motion for judgment on the pleadings we must allude to certain basic applicable principles. We first note that a motion for a judgment on the pleadings is in the nature of a general demurrer and that the issues raised by it are legal and not factual, and as such admits the material facts alleged in the pleadings of the adverse party. (*Hospital Council of Northern Cal.* v. *Superior Court,* 30 Cal.App.3d 331, 337-338 [106 Cal.Rptr. 247]; *Silver* v. *Beverly Hills Nat. Bank,* 253 Cal.App.2d 1000, 1005 [61 Cal.Rptr. 751].)

 The function of a general demurrer is to determine whether the complaint states a cause of action. (*Venuto* v. *Owens-Corning Fiberglas Corp.,* 22 Cal.App.3d 116, 122 [99 Cal.Rptr. 350]; *Holmes* v. *City of Oakland,* 260 Cal.App.2d 378, 382-383 [67 Cal.Rptr. 197].) "All that is necessary against a general demurrer is that, upon a consideration of all the facts stated, it appears that the plaintiff is entitled to *any* judicial relief against the defendant, notwithstanding that the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged. [Citations.]" *(Holmes* v. *City of Oakland, supra.)*

 An important guide is the definition of a cause of action. (In *Colvig* v. *RKO General, Inc.,* 232 Cal.App.2d 56, 65-66 [42 Cal.Rptr. 473],

we stated: "The essence of a cause of action is the existence of a primary right and one violation of that right, i.e., it arises out of an antecedent primary right and corresponding duty, and a breach of such primary right and duty by the person upon whom the duty rests. [Citations.] The primary right and duty and the delict or wrong constitute the cause of action in the legal sense. [Citations.] 'The cause of action is simply the obligation to be enforced.' [Citations.]" ■ It should also be noted that a cause of action must be distinguished from the remedy which is simply the means by which the obligation or corresponding duty is effectuated and also from the relief sought. (*Frost* v. *Witter,* 132 Cal. 421, 426 [64 P. 705]; *O'Hagen* v. *Board of Zoning Adjustment,* 19 Cal.App.3d 151, 163 [96 Cal.Rptr. 484]; *Merlino* v. *West Coast Macaroni Mfg. Co.,* 90 Cal.App.2d 106, 115 [202 P.2d 748].)

■ The complaint[2] in this case must, therefore, be analyzed in the light of the foregoing principles. It alleges, essentially, that pursuant to the enactment of an ordinance the City of Pacific Grove set a sewer service charge for users outside the city limits at four times the rate set for users inside the city limits without any proper basis for the differential; that a bond issue passed for improvements to the sewage plant of the City of Pacific Grove will be financed by sewer service charges, as increased to both domestic and outside users and no part will be financed through funds obtained through taxation; that plaintiff signed a written revocable permit for sewer service which allowed the city to charge plaintiff whatever sewer service rates it might establish from time to time; that such permit amounted to a license upon the faith of which plaintiff expended considerable sums of money to connect with such service, and that by reason thereof the city should be estopped from terminating such service. The complaint alleges that plaintiff is a user of the city's sewer service whose property is outside the city and that he brings this action on behalf of himself and all other property owners similarly situated.

■ The lack of uniformity in the rate charged to users of public utility service who reside outside the city limits from those charged to users inside the city limits is not necessarily unlawful discrimination and is not prima facie unreasonable. (*Durant* v. *City of Beverly Hills,* 39 Cal.App.2d 133, 138 [102 P.2d 759]; see *Hobby* v. *City of Sonora, supra,* 142 Cal.App.2d 457, 459.) In *Durant* the plaintiff who lived outside the city limits received water service from the city which charged lower rates

---

[2]Our reference to the complaint includes the original complaint and the supplemental complaint.

to consumers inside the city limits. A judgment requiring the city to supply water to the plaintiff at the same rates as charged customers within the city limits was reversed. The reviewing court held that subject to general grounds of reasonableness a utility may have a separate rate for each class or group. (At p. 139.) The court stated that there is a presumption that a lawful rate-fixing body will fix rates which are reasonable, fair and lawful. The city was entitled to rest on this presumption until the plaintiff made a showing to the contrary, which the plaintiff had failed to do. (At p. 139.) The appellate court made it clear that it did not have jurisdiction to set proper rates but merely to determine whether the rates fixed were unreasonable and unfair. (At pp. 139-140; see *Clay Utility Co.* v. *City of Jacksonville,* 227 So.2d 516, 517-518.)[3]

We observe that both *Durant* and *Hobby* went to judgment. ▆▆ The instant case is merely in the pleading stage and is concerned solely with whether the complaint states a cause of action. *Hobby* was not concerned with discrimination in the context of reasonableness but solely with whether the city could set up an annual service charge for users residing out of the city as a class under the circumstances disclosed by the record. In *Durant* the reviewing court acknowledged that charges that are unreasonable, unfair or fraudulently or unfairly established constitute an unjust or unreasonable discrimination rendering a rate or charge unreasonable, but that the burden is upon the person claiming the rate or charge to be unreasonable to show that the charges are unreasonable, unfair, or fraudulently or arbitrarily established. (39 Cal.App.2d at p. 139.) In *Durant,* the plaintiff did not sustain his burden of proof.

In *City & County of San Francisco* v. *Western Air Lines, Inc.,* 204 Cal.App.2d 105, 137 [22 Cal.Rptr. 216] [cert. den., 371 U.S. 953 (9 L.Ed.2d 502, 83 S.Ct. 502)], this court held that "Whether in particular instances a difference of rates as between users of a public utility service constitutes unjust discrimination, or whether such difference is justified by the conditions and circumstances attending such use, are questions of fact depending on the matters proved in each case. [Citations.]" This rule applies to a utility owned by a municipality and is applicable in the

[3]In Texas.it has been held that when a city fixes a rate status between the city and its outside customers the city cannot thereafter arbitrarily change the rate so as to discriminate between them and the customers residing in the city, and that if the city so discriminates the burden is on the city to show that there is some reasonable basis for the difference in the rates which it establishes. (*City of Texarkana* v. *Wiggins,* 151 Tex. 100 [246 S.W.2d 622, 625-626, 627-628].)

present case. (See 12 McQuillin, Municipal Corporations (3d ed. (rev.) 1970) § 35.37a at p. 483.)

In light of these principles we conclude that plaintiff has stated a cause of action. The complaint, stripped of irrelevant facts and matters specifically pleaded, alleges sufficient facts warranting judicial relief if such facts can be established at trial. It is alleged therein that the ordinance in question sets a sewer service charge for plaintiff, who is a user outside the city limits, at four times the rate set inside the city limits without any proper basis for the differential. This is an allegation that the sewer charge imposed on plaintiff is unreasonable. There exists in plaintiff, as a user of a public utility's sewer service, a primary right that he cannot be charged an unreasonable rate for such service and there rests on the city, as a public utility, the corresponding duty not to charge plaintiff an unreasonable rate for such service. The complaint seeks to enforce defendants' obligation to charge a reasonable rate. Having stated a cause of action it will be incumbent upon plaintiff at trial to sustain the burden of showing that the rates charged him are unreasonable and, therefore, discriminatory.

It should be noted here that the *Durant* case was decided prior to the enactment of the Evidence Code which became effective January 1, 1967. *Durant* holds that there is a presumption that rates fixed by a lawful rate-fixing body are reasonable, fair and lawful and that the burden is upon the person contending otherwise to overcome this presumption. Under the Evidence Code, however, "[a] presumption is not evidence" but "an assumption of fact that the law requires to be made from another fact or group of facts found or otherwise established in the action." (Evid. Code, § 600, subd. (a).)[4] ■ Accordingly, the presumption declared in *Durant* is not evidence but a presumption within the meaning of the Evidence Code. We apprehend it to be a rebuttable presumption affecting the burden of proof because it is established to carry out or to effectuate some public policy other than or in addition to the policy of facilitating the trial of actions. (See §§ 601, 603, 605.) "The effect of a presumption affecting the burden of proof is to impose upon the party against whom it operates the burden of proof as to the nonexistence of the presumed fact." (§ 606.)[5] We are not unmindful that the presumption declared in *Durant* is not one of those

---

[4]Unless otherwise indicated all statutory references hereinafter made are to the Evidence Code.

[5]Section 500 provides: "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."

specifically mentioned in the Evidence Code as a presumption affecting the burden of proof (§ 660 et seq.), but we do deem it to be a presumption established by decisional law. Section 660 provides: "The presumptions established by this article, *and all other rebuttable presumptions established by law* that fall within the criteria of Section 605, are presumptions affecting the burden of proof." (Italics added.)

In view of the foregoing we perceive that in the context of the pleadings the burden of proof is first imposed upon plaintiff to establish that defendants' charges to users outside the city limits are higher than those charged to users inside the city limits. The burden then shifts to defendants to establish that the rates were fixed by a lawful rate-fixing body. Upon such a showing an assumption of fact is required to be made that the rates fixed are reasonable, fair and lawful. The burden then shifts back to plaintiff to establish the nonexistence of the presumed fact, i.e., that the rates fixed are unreasonable, unfair or unlawful.

Our holding that plaintiff has stated a cause of action is not to be interpreted as giving judicial cognizance to plaintiff's contention that he has obtained an irrevocable license because he has alleged that he expended money for improvements in reliance on the parol license. While an irrevocable license may be obtained in this manner (*Cooke* v. *Ramponi,* 38 Cal.2d 282, 286 [239 P.2d 638]), a person does not obtain an irrevocable license as against a government body by connecting to a sewer service and thereafter paying the service charges that have been fixed by the government body providing such service. (11 McQuillin, Municipal Corporations (3d ed. (rev.) 1964) § 31.31 at p. 257.)

The judgment is reversed.

Sims, J., and Elkington, J., concurred.