[Civ. No. 20159. Fourth Dist., Div. Two. Jan. 19, 1979.]

DEEANN DOROTHY SPURR, Plaintiff and Appellant, v.
BONITA SPURR, Defendant and Respondent.

**COUNSEL**

Stanton, Welch & Brady and John Stanton for Plaintiff and Appellant.

Moses R. Luna for Defendant and Respondent.

**OPINION**

**GARDNER, P. J.**—The marriage of Donald and Beverly Spurr was terminated by a Nevada divorce decree which contained a provision requiring Donald to maintain a $15,000 life insurance policy in favor of Deeann Dorothy Spurr, the only child of the marriage and the plaintiff in the instant action. Following the death of Donald Spurr, plaintiff brought this action against Donald's second wife, defendant Bonita Spurr. In addition to facts already mentioned, the complaint alleges that Donald did not maintain insurance on his life in favor of plaintiff, and that as a result of Donald's death defendant received approximately $46,000 as the beneficiary of Donald's life insurance, approximately $10,000 as a surviving joint tenant of real property, and a 1972 Ford automobile. Plaintiff sought to recover $15,000 from defendant on alternative theories of constructive trust and money had and received. Defendant brought a motion for summary judgment which the trial court granted. Plaintiff appeals from the ensuing judgment.

In support of the motion for summary judgment, defendant filed a declaration in which she stated that she was married to Donald Spurr at the time of his death, that she never had any knowledge of any court order requiring her husband to maintain life insurance for the benefit of

plaintiff, that all of the policies of life insurance in force at her husband's death were acquired with community funds during their marriage, and that plaintiff had not filed a creditor's claim within the prescribed time period.

In opposition to the motion for summary judgment, plaintiff submitted a declaration by her mother, Beverly Benton (formerly Beverly Spurr). After describing how the life insurance provision came to be incorporated in the Nevada decree (plaintiff's mother made the provision a condition for her consent to dismiss a California divorce proceeding and to permit entry of a Nevada decree), Beverly Benton declared that "No personal representative has opened an estate on behalf of the decedent, Donald Ray Spurr, and as such no creditor claims could be filed."

On this appeal, plaintiff contends that the complaint states a cause of action and that summary judgment was inappropriate because there are triable issues of fact.

To determine whether a cause of action is stated, the appropriate question is whether, upon a consideration of all the facts alleged, it appears that the plaintiff is entitled to any judicial relief against the defendant, notwithstanding that the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged. (*Elliott* v. *City of Pacific Grove*, 54 Cal.App.3d 53, 56 [126 Cal.Rptr. 371].) Mistaken labels and confusion of legal theory are not fatal because the doctrine of "theory of the pleading" has long been repudiated in this state. (*Lacy* v. *Laurentide Finance Corp.*, 28 Cal.App.3d 251, 256-257 [104 Cal.Rptr. 547].)

In *Lubin* v. *Lubin*, 144 Cal.App.2d 781 [302 P.2d 49], a husband and wife entered into a property settlement agreement which provided that the husband was to maintain life insurance for the benefit of the wife. An Illinois court issued a divorce decree which incorporated the agreement by reference. The husband maintained the insurance for a time, then permitted the policy to lapse. Following the husband's death, the wife filed a creditor's claim with the husband's estate for the amount of the proceeds she would have received had the policy remained in force at the husband's death as required by the divorce decree. Upon the rejection of the claim, the wife filed an action against the estate to enforce the Illinois judgment. A judgment for the estate was reversed on the wife's appeal. The reviewing court held that the agreement had been properly

incorporated in the Illinois judgment, that since the wife did not have any effective remedy during husband's lifetime, the action was not barred by the statute of limitation or by laches, and that there was no substantial evidence that the wife had abandoned or rescinded the agreement.

*Lubin* necessarily stands for the proposition that where a husband is required by a divorce decree to maintain life insurance for the benefit of a wife or child, and the husband dies without having the required insurance in force, the wife or child may maintain an action on the judgment of divorce against the deceased husband's estate.

Assessing plaintiff's complaint in light of the proposition established by *Lubin,* we observe that the only significant difference between the facts of *Lubin* and the factual allegations of plaintiff's complaint is that in *Lubin* the action was brought against the deceased husband's estate, whereas in the case at bench the action was brought against the decedent's widow.

Plaintiff maintains that it was not possible to bring an action against the estate because the assets of the estate passed to defendant, the decedent's widow, without probate administration. This circumstance was alleged in the counterdeclaration and must be presumed true for purposes of this appeal, although it may be controverted at trial.

In recent years the Legislature has enacted a number of statutes to minimize or eliminate the delay and expense inherent in formal probate administration. One such enactment is Probate Code section 205, added in 1974 and twice amended, which now reads:

"(a) Except as provided by Section 951.1, upon the death of a married person, the surviving spouse is personally liable for the debts of the deceased spouse chargeable against the community property . . . unless the interests of both spouses . . . are administered under Division 3 (commencing with Section 300). The personal liability shall not exceed the value at the date of death, less the amount of any liens and encumbrances, of the interest of the surviving spouse in the community property immediately prior to the death which is not exempt from execution plus the interest of the deceased spouse passing to the surviving spouse without administration.

"(b) . . . . . . . . . . . . . . . . . . .

"(c) . . . any debt described in subdivision (a) may be enforced against the surviving spouse in the same manner as it could have been enforced

against the deceased spouse if the deceased spouse had not died. In any action based upon the debt, the surviving spouse may assert any defenses, counterclaims, or setoffs which would have been available to the deceased spouse if the deceased spouse had not died."

■ In effect, section 205 authorizes an action against the surviving spouse, in lieu of an action against the estate, where the deceased spouse's assets have not been subjected to formal probate administration. Defendant admittedly was the wife of decedent Donald Spurr at the time of his death. Defendant's declaration in support of the motion for summary judgment did not establish any defense to an action pursuant to section 205. In particular, defendant did not establish that she was not in possession of assets which were community property of the marriage, or that the deceased's obligation to maintain life insurance for his child by a former marriage was not a debt chargeable against the community property. (See *Weinberg* v. *Weinberg,* 67 Cal.2d 557, 562-563 [63 Cal.Rptr. 13, 432 P.2d 709].)

■ The record indicates that the court below granted summary judgment primarily for the reason that certain elements of a constructive trust were lacking. Because an action pursuant to Probate Code section 205 is comparable to, and in lieu of, an action against the estate, plaintiff need not establish the elements of a constructive trust. As we have already explained, plaintiff's reliance on the mistaken legal theory of constructive trust does not justify the entry of judgment against her.

We conclude that the complaint states a cause of action to enforce a judgment and that there are triable issues of fact.

The judgment is reversed.

Kaufman, J., and Morris, J., concurred.