[Civ. No. 10753. First Appellate District, Division One.—October 2, 1939.]

In the Matter of the Estate of MARY BELLE McLELLAN, Deceased. FRANK L. McLELLAN et al., Trustees, etc., Appellants, v. MARY GRACE DE GEAR, Respondent.

Hankins & Hankins for Appellants.

Alfred J. Harwood for Respondent.

KNIGHT, J.—This is an appeal by the trustees of a testamentary trust created by the will of Mary Belle McLellan, deceased, from portions of a decree settling their second account. The contest thereto was instituted by respondent, who is the beneficiary of the trust and sister to the trustees. The subject-matter of the appeal involves three rulings of the superior court, first, in charging the trustees with interest amounting to $206.57; secondly, in disallowing as a credit a sum of money expended by the trustees in taking and prosecuting an appeal from the decree settling their first account; and third, in fixing the amount of compensation to be paid to the trustees and their attorneys.

The dispute about the item of interest arose out of these facts: In conformity with directions given by the Supreme Court in its judgment of reversal on the previous appeal (*Estate of McLellan*, 8 Cal. (2d) 49 [63 Pac. (2d) 1120]) the superior court on January 29, 1937, entered a new decree wherein it was "ordered, adjudged and decreed" that there was due respondent from said trustees "as of, and on, June 7th, 1935, the date of said first account, the sum of $1703.08 as income of said trust estate", that the trustees be charged therewith, and that they pay the same to respondent. However, there was a miscalculation in computing the amount adjudged to be due, and on February 25, 1937, the superior

court made an order pursuant to the written stipulation and request of the respective parties amending the decree by reducing the amount of $1703.08 to $1666. No provision was made in the decree as reentered or as amended requiring the payment of interest on the amount so adjudged to be due respondent; and on February 26, 1937, the day following the filing of the order amending said decree, the trustees paid to her the said sum of $1666, the amount called for by said decree. Thereupon respondent delivered to the trustees a ''Receipt and Satisfaction'' signed by her and her attorney, reading as follows: ''In the Superior Court of the State of California, in and for the County of San Mateo. In the Matter of the Estate of Mary Belle McLellan, also known as M. Belle McLellan, Deceased. Number 4122. Department Number 2. Receipt and Satisfaction. The undersigned, Mary Grace De Gear, hereby acknowledges that Asa D. McLellan and Frank L. McLellan, Trustees, have paid to her the sum of $1,666.00 decreed to be due to her as of, and on, June 7th, 1935, by decree settling first account of trustees of trust for benefit of Mary Grace De Gear, et al., as said decree was amended by stipulation dated February 23rd, 1937, *and said Mary Grace De Gear hereby acknowledges full satisfaction of said judgment for $1,666.00.*'' (Italics ours.) Approximately a month later and on March 29, 1937, the trustees filed their second account and at that time respondent made a demand for the payment of interest on said sum of $1666 at the legal rate, amounting to $206.57, from June 7, 1935, the date of the filing of the first account, to February 26, 1937, the date of the payment of the amount to her by the trustees; and her demand for said interest was allowed.

For the purposes of this appeal it may be conceded that the indebtedness of $1666 established by said decree to be due respondent ''as of, and on, June 7th, 1935'', the date of the filing of the first account, bore interest at the legal rate from the due date thereof, and that a lawful demand therefor could have been properly made at the time said indebtedness was paid on February 26, 1937; but as shown by the terms of the ''Receipt and Satisfaction'' given by respondent and her attorney at the time of such payment, respondent accepted said sum of $1666 in ''full satisfaction'' of the obligation due under said decree; and that being so, under

well-settled rules, she was estopped thereafter from claiming more. In other words, while the probate decree finding the amount due and directing the payment thereof did not have the technical legal effect of a civil judgment in favor of respondent and against the trustees for the amount so found to be due (*Estate of McLellan, supra*), nevertheless, as evidenced by the language employed in said "Receipt and Satisfaction", respondent and her attorney treated said decree as a judgment, and in receipting for the payment of the amount called for thereby acknowledged "full satisfaction of said judgment". Such being the case, the law will not permit her afterwards to take the opposite position and uphold the demand subsequently made by her for additional payment thereunder. As declared by section 1541 of the Civil Code, an obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration.

It is true that as provided in the next code section, 1542, a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor (sec. 1542, Civ. Code). But the instrument in question here is not a general release. By its terms it is restricted to the single obligation established by the decree. Then again, said instrument being signed by respondent and by her attorney as well, it will be assumed in the absence of any evidence showing to the contrary that at the time they signed the same and receipted in full satisfaction of the judgment they were as cognizant of respondent's asserted right to interest as they were a month later, when the second account was filed. At any rate, so far as the record shows, nothing had transpired within the month to alter the situation. It is our conclusion, therefore, that respondent's claim for interest in the sum of $206.57 was improperly allowed.

Appellants' contentions respecting the remaining two rulings are without merit. By the express terms of the judgment rendered on the previous appeal reversing the decree settling the first account it was directed that respondent should recover her costs on such appeal. Therefore the refusal of the superior court at the time of the hearing of the second account to reimburse the trustees for the costs

of said appeal out of the trust estate of which respondent was beneficiary, was in conformity with the directions given in said judgment of reversal.

The decision on the previous appeal is also determinative of the question of fees. In this regard it was held therein, among other things, that there had been an unauthorized and consequently an illegal commingling by the trustees of the trust estate with their individual interests, to their own profit; that the matter of the allowance of compensation to the trustees and their attorneys was in the sound discretion of the superior court; and that in fixing the same the court had the right to consider the actions of the trustees in the management of the trust property. And so here in fixing the fees at the time of the hearing of the second account the court was entitled to consider the manner in which the trust estate had been managed; also the amount of the allowances theretofore made on settlement of the first account.

For the foregoing reasons it is ordered that the superior court revise the decree herein appealed from so that it will conform to the views above expressed relating to the improper allowance of respondent's claim to interest in the sum of $206.57, and as so revised said decree will stand affirmed. It is further ordered that the respective parties pay their own costs of the present appeal.

Ward, J., and Peters, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 1, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 30, 1939.