[L. A. No. 26397. In Bank. May 15, 1962.]

Estate of JOSEPH GILMAKER, Deceased. JOSEPH LOUIS GILMAKER, Petitioner and Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Trustee, etc., Defendant and Respondent.

[L. A. No. 26186. In Bank. May 15, 1962.]

Estate of JOSEPH GILMAKER, Deceased. JOSEPH LOUIS GILMAKER, Contestant and Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Trustee, etc., Petitioner and Respondent.

Eric A. Rose and Pray, Price & Williams for Appellant.

Johnson & Johnson and George R. Johnson for Respondent.

TRAYNOR, J.—In his will Joseph Gilmaker created a testamentary trust. Under the terms of the trust instrument, which was incorporated in the final decree of distribution, the Bank of America is to serve as trustee and petitioner Joseph Louis Gilmaker is to be the sole life beneficiary. On his death the remainder is to go to petitioner's wife and children. Petitioner is also appointed by the trust instrument as "Consultant, and the Trustee shall not sell, lease, exchange, hypothecate, or improve any property which is a part of the trust estate, or invest or reinvest any trust estate funds until it has first notified said Consultant in writing of its intention to so act and received from said Consultant his written approval of the action so proposed."

A large part of the trust property is undivided one-half interests in parcels of real property, the other one-half of which is owned by petitioner. The trust instrument provides that "The trustee shall not maintain in any one bank or branch thereof a cash balance of more than the maximum balance insured by the Federal Deposit Insurance Corporation, but shall distribute trust funds among as many banks as necessary to secure full protection against loss through bank failure." The trustee, however, "shall accept and comply with any instructions of defendant's said son, JOSEPH LOUIS GILMAKER, relating to the selection of banks in which such deposits are to be made." The trustee is also to provide the consultant "semi-annually with an itemized statement setting out income and expense for each parcel of improved real estate in the trust estate, and [he] shall be consulted regarding the amount of fire and other insurance carried on each parcel."

Petitioner moved for the removal and substitution of the trustee. He alleged in his motion, and stated in his affidavit, that the trustee had maintained $49,000 in one bank account; that the trustee has refused to provide him with the semi-annual accounting called for by the trust instrument; and that the trustee has refused to consult with him as provided in the trust instrument. The motion for removal was denied. In a separate proceeding the trustee sought instructions concerning its power. The trial court found that the "trustee has the sole power to propose the investment and re-investment

of trust funds'' subject to the approval of the consultant. Petitioner appeals from the order denying removal and the order instructing the trustee.

In *Estate of Schloss*, 56 Cal.2d 248, 253-256 [14 Cal.Rptr. 643, 363 P.2d 875], we held that the superior court sitting in probate has no jurisdiction to remove a trustee of a testamentary trust after distribution (see Prob. Code, §§ 1120-1130) and that the court's power to remove such a trustee must be exercised pursuant to its general equity jurisdiction. (See Civ. Code, § 2283.) In support of this conclusion we pointed out that the Legislature made no provision for an appeal from an order in probate removing a trustee. (See Prob. Code, § 1240.) The trustee contends, therefore, that the trial court did not err in denying petitioner's motion in the probate proceedings to remove it as trustee and that the appeal from that order must be dismissed. In the *Schloss* case, however, the trustees raised the question of jurisdiction by demurring to the petition for their removal in the trial court, and that question was the principal issue on appeal. In the present case, the trustee did not object in the trial court to its assumption of jurisdiction and did not raise the question on appeal until after the appeal was decided by the District Court of Appeal and a hearing was granted in this court. ▮ Petitioner's notice of motion to remove the trustee and its supporting affidavit fully set forth the facts relied upon for relief, the trustee appeared and defended on the merits, and the other beneficiaries were not indispensable parties. (*Bowles* v. *Superior Court,* 44 Cal.2d 574, 584 [283 P.2d 704].) Under these circumstances the notice of motion and supporting affidavit coupled with the trustee's appearance were sufficient to invoke the trial court's general equity jurisdiction (*In re Estate of Thompson,* 101 Cal. 349, 353-354 [35 P. 991, 36 P. 98, 508]; *In re Estate of De Leon,* 102 Cal. 537, 541 [36 P. 864]; *In re Estate of Clary,* 112 Cal. 292, 294-295 [44 P. 569]; *Faxon* v. *All Persons,* 166 Cal. 707, 712 [137 P. 919, L.R.A. 1916B 1209]; see also *Schlyen* v. *Schlyen,* 43 Cal.2d 361, 378 [273 P.2d 897]; *Coons* v. *Henry,* 186 Cal.App.2d 512, 519 [9 Cal.Rptr. 258]; *Estate of Mullins,* 190 Cal.App.2d 413, 417-418 [12 Cal.Rptr. 3]; *Phillips* v. *Beilsten,* 164 Cal.App.2d 450, 457-458 [330 P.2d 912]; *cf. Estate of Davis,* 136 Cal. 590, 597 [69 P. 412]; *King* v. *Chase,* 159 Cal. 420, 424-425 [115 P. 207]), and its order denying petitioner's motion is appealable as a final judgment in the action. (Code Civ. Proc., § 963, subd. 1.)

Petitioner contends that the trustee violated its duty by maintaining $49,000 in one bank account and by refusing to provide a particularized semiannual accounting. He further contends that hostility and disagreement between him and the trustee prevents the consultation the testator considered essential to the proper administration of the trust. The trustee contends that it is willing to follow petitioner's suggestions concerning the deposit of the $49,000, but that the petitioner has thus far suggested only savings and loan associations and not banks insured by the Federal Deposit Insurance Corporation; and that it is willing to make the kind of semiannual accounting called for by the trust instrument but that such an accounting would be an extraordinary service for which it would charge an extraordinary fee. The trustee further contends that all its suggestions for investment have been prudent; that the consultant's only function is to veto and not to advise; and that whatever hostility exists between the trustee and the consultant has not impaired the proper administration of the trust.

By maintaining $49,000 in cash in one trust account the trustee failed to follow the trust directions. Under the trust instrument the trustee could keep no more funds in one bank than was insured by the Federal Deposit Insurance Corporation. The Federal Deposit Insurance Corporation insures a maximum of $10,000 of any trust estate deposited in a bank. (12 U.S.C.A., § 1817(i).) It is true that the instructions given by the consultant to deposit the money in designated savings and loan associations were insufficient. Savings and loan association accounts can be insured by the Federal Savings and Loan Insurance Corporation, not by the Federal Deposit Insurance Corporation. (See 12 U.S.C.A., §§ 1724 et seq.; 12 U.S.C.A., §§ 1811 et seq.) Even in the absence of sufficient directions from the consultant, however, the trustee was under the duty to place the funds in various institutions where they would be fully insured by the Federal Deposit Insurance Corporation. Furthermore, the trustee was under a duty to provide the consultant with a semiannual accounting of receipts and disbursements for each parcel of real estate in the trust. It may be, as the trustee contends, that usually such an accounting is extraordinary and that its practice is to report the receipts and disbursements for the entire trust without segregating the parcels. In the trust instrument, however, the trustee expressly agreed to provide a segregated accounting. The annual compensation

of the trustee is to be three-quarters of one per cent of the reasonable value of the trust estate, and "For any unusual or special services, a reasonable additional compensation." The trustee cannot now contend that a service it expressly agreed to provide is unusual or special.

Hostility between the beneficiary and the trustee is a ground for removal of the trustee when the hostility impairs the proper administration of the trust. (*Brown* v. *Memorial Nat. Home Foundation*, 162 Cal.App.2d 513, 534 [329 P.2d 118, 75 A.L.R.2d 427]; *Overell* v. *Overell*, 78 Cal. App. 251, 258-260 [248 P. 310]; *Vest* v. *Bialson*, 365 Mo. 1103, 1121-1122 [293 S.W.2d 369]; Rest., Trusts, § 107, com. c; 1 Scott on Trusts (2d ed.), p. 778; Bogert on Trusts (2d ed.), § 527, pp. 376-378.)

The hostility between the trustee and petitioner has been constant and intense. There has been disagreement over the investment of the surplus cash; over who should collect the rents from the real property; and over the kind of insurance to carry on the property. At one time, according to uncontradicted testimony, one of the trustee's senior trust officers told petitioner: "Now, listen here. You've been coming down here at least once a week bothering us and you do not have to come back any more. I'll put a stop to this and we'll petition the Court for instructions relating to the investments."

The proper administration of the trust requires that there be no hostility between the trustee and the beneficiary-consultant. " 'Consultant' means a person not a trustee designated in a trust to advise or direct the trustee in respect of any matters or things connected with the trust, or whose consent or approval is required to purchases, sales, exchanges, or other transactions on the part of the trustee." (Code Civ. Proc., § 1700.6.) Petitioner is not only appointed a consultant under the trust, he is also the sole life beneficiary; he owns an undivided one-half interest in property the other half of which is in the trust, and he had experience managing the entire property before the death of his father. In these circumstances the task of the consultant is to advise, not simply passively to concur or veto. The trustee does not have, as the instructions of the trial court stated, the "sole power to propose the investment and re-investment of trust funds." A close working relationship is called for between the trustee and the consultant. Furthermore, the organization of the staff of the trustee is not conducive to reestablishing a relationship free from existing hostility. Trust de-

cisions are made by the trustee's trust committee. The trust committee does not meet with outsiders. Thus messages between the trustee and the consultant must pass through a trust officer, who himself has no power to make decisions. This conduit mechanism has magnified existing difficulties and is not likely to improve them.

The removal and substitution of a trustee is largely within the discretion of the trial court. (*Jones* v. *Stubbs*, 136 Cal.App.2d 490, 501-502 [288 P.2d 939]; *Estate of Keyston*, 102 Cal.App.2d 223, 228 [227 P.2d 17].) It is undisputed, however, that the trustee failed to disperse the surplus cash of $49,000 and failed to provide a segregated semiannual accounting. The trustee's only defense, which is insufficient, was that it is not legally obligated to do either. The hostility between the trustee and petitioner has impaired the proper administration of the trust, and therefore requires the removal and substitution of the trustee.

The orders denying removal and substitution of the trustee, and instructing the trustee, are reversed.

Gibson, C. J., Schauer, J., Peters, J., and White, J., concurred.