[Civ. Nos. 27170, 27609. Second Dist., Div. Three. April 27, 1964].

Estate of JOSEPH GILMAKER, Deceased. JOSEPH LOUIS GILMAKER, Contestant and Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Petitioner and Respondent.

(Two Cases.)

Eric A. Rose for Contestant and Appellant.

Johnson & Johnson and George R. Johnson for Petitioner and Respondent.

FORD, J.—The problems presented on these appeals relate to the controversy which was before the Supreme Court in *Estate of Gilmaker,* 57 Cal.2d 627 [21 Cal.Rptr. 585, 371 P.2d 321]. In the opinion therein it was stated in part (57 Cal.2d, at page 633): "The removal and substitution of a trustee is largely within the discretion of the trial court. [Citations.] It is undisputed, however, that the trustee failed to disperse the surplus cash of $49,000 and failed to provide a segregated semi-annual accounting. The trustee's only defense, which is insufficient, was that it is not legally obligated to do either. The hostility between the trustee and petitioner has impaired the proper administration of the trust, and

therefore requires the removal and substitution of the trustee." The Supreme Court reversed the orders denying removal and substitution of the trustee, and instructing the trustee.

The first of the two appeals presently before this court relates to two orders. One order authorized and directed the trustee to pay to its attorneys the sum of $708.75 from the trust estate as fees for legal services rendered during the accounting period of the third account current, including the representation of the trustee in the hearing of the exceptions interposed by the sole life beneficiary, Joseph Louis Gilmaker, to the trustee's second account current, and in preparing, filing and presenting the third account current. The position of the life beneficiary is that the order for attorneys' fees made after the hearing of such exceptions to the second account current included an allowance for the legal services rendered to the trustee during that hearing and that no further allowance could properly be made thereafter.

That the position of the beneficiary, as appellant herein, with respect to the fees in the amount of $708.75 is without sound basis is apparent from an examination of the record. The second account current was for the period of December 1, 1958, to and including November 30, 1959. The petition of the trustee with respect to legal fees related to "services rendered during the period of this account and report and for the preparation, filing and presentation of this account, report and petition," it being alleged that the sum of $300 was a reasonable fee for such services. The hearing of the beneficiary's exceptions to the second account current and report was a protracted one. Testimony was taken on each of three days. In the order in which the exceptions were disallowed, which order became final, it was provided that the "trustee is authorized and directed to pay to its attorneys . . . the sum of $300.00 as compensation for their services rendered during the period of the account and report and for the preparation, filing and presentation of the petition."

In its subsequent examination of that order for the purpose of determining the nature and extent of the services for which compensation was therein allowed, the court was properly guided by the principle that such an order must be construed with relation to the particular matter before the court for adjudication. (See *Tronslin* v. *City of Sonora*, 144 Cal.App.2d 735, 738 [301 P.2d 891].) The amount allowed was identical with that represented to be reasonable in

the petition of the trustee with respect to legal fees and obviously did not include compensation for additional services made necessary by the exceptions thereafter filed by the beneficiary to the second account current. ▮ The order was not final as to a nonadjudicated matter. (See *Estate of Clary,* 203 Cal. 335, 340-341 [264 P. 242].) ▮ There was nothing irregular or improper in deferring the presentation of a petition with respect to legal fees for extraordinary services made necessary by the beneficiary's exceptions until the filing of the third account current. (See *Estate of Griffith,* 97 Cal. App.2d 651, 654 [218 P.2d 149].)

▮ In the first of the two appeals presently before this court, the second order which is challenged by the beneficiary is one which authorized and directed the trustee "to pay from the trust estate the sum of $3,850.00 to its attorneys, Johnson & Johnson, as fees for legal services in representing the trustee in resisting the motion of Joseph Louis Gilmaker [the sole life beneficiary] for removal and substitution of said trustee, and in presenting said trustee's petition for instructions concerning the investment of trust funds in the Superior Court, the District Court of Appeal and the Supreme Court." The court found a basis for its order in its determination that the legal services were necessarily rendered by the attorneys to the trustee for the benefit of the trust and those interested therein and that the action of the trustee in having recourse to such services was reasonable and was taken in good faith.

The question presented as to the second order must be resolved in the light of the reasoning of the Supreme Court in the earlier appeal. As has been noted, the Supreme Court determined that the trustee had failed in the performance of its duties as delineated in the pertinent provisions of the trust and that the hostility between the trustee and the beneficiary had so impaired the proper administration of the trust as to require the removal of the trustee and the substitution of a new trustee. (*Estate of Gilmaker, supra,* 57 Cal.2d 627.) It has thus been conclusively established that the trustee erred in its administration of the estate and that it had no sound basis for its resistance to the beneficiary's petition for its removal. In the light of that determination, the trustee was not entitled to receive out of the trust estate its expenses of litigation, including attorneys' fees, incurred in defending its untenable and partisan position. (See *Moore* v. *Bowes,* 8 Cal.2d 162, 166-167 [64 P.2d 423] ; Note, 9 A.L.R.2d 1132,

1219; Loring, A Trustee's Handbook (6th ed. 1962) § 65, p. 175; Bogert on Trusts (2d ed.) § 525, p. 344; Nossaman, Trust Administration and Taxation (2d ed. 1963) § 32.07, p. 620.)

The reasoning just expressed is not affected by the trial court's finding that the trustee acted reasonably and in good faith in its litigation with the beneficiary. ▮ It cannot be said that it is the exercise of a reasonable judgment to assert or defend a position for which no reasonable support can be found in the trust provisions and the governing law. ▮ One in whom trust is placed is duty bound to exercise reasonable diligence for the purpose of ascertaining the nature and extent of his obligations and to be faithful in the performance thereof. ▮ There having been a conclusive adjudication in the present case that the trustee failed to administer the trust in conformity with its terms and that the prevailing hostility between it and the beneficiary required its removal, it is not reasonable or fair to rely upon the element of good faith, standing alone, as the criterion by which to determine whether the trust estate should bear the cost of the trustee's defense of its untenable position. (See *Dickerson* v. *Camden Trust Co.*, 1 N.J. Super. 459 [64 A.2d 214, 218-219]; *In re Drake's Will*, 195 Minn. 464 [263 N.W. 439, 442, 101 A.L.R. 801]; Scott on Trusts (2d ed.) §§ 174.1, 201; Rest. 2d Trusts, § 201, com. a and com. b.)

In the supplement to its fourth and final account and report, filed after the decision of the Supreme Court in the earlier appeal, the trustee set forth that it had expended a total of $611.28 for clerk's and reporter's transcripts and the printing of briefs, all of which was paid from the principal cash of the trust. It was stated that $97.70 of that amount was paid during the period of the third account current and was accounted for in that account. The remaining amount of $513.58 was paid during the accounting period of the fourth account. In addition, by way of a petition by the trustee for allowance of attorneys' fees, it was set forth that the attorneys for the trustee had rendered extraordinary services to the trustee during the accounting period as follows: "said attorneys have represented petitioner, in its representative capacity, before this court in petitioning this court for authority to compensate petitioner's said attorneys for professional services rendered to the trust estate in resisting Joseph Louis Gilmaker's said motion for removal and substitution of trustee and in presenting petitioner's petition for

instructions, and in advising and counseling petitioner in the administration of said trust during the period of the third account current, and in presenting said account to the court.'' It was represented that the reasonable value of all legal services, ordinary and extraordinary, during the pertinent period was the sum of $1,000. In his written objections and exceptions, the beneficiary contested any allowance to the trustee for the costs of litigation and for attorneys' fees. By its order the trial court ruled in favor of the trustee with respect to such objections and exceptions and authorized and directed the trustee to pay to its attorneys the sum of $1,000 ''as compensation for their services rendered during the period of the account and supplement and report and for the preparation, filing and presentation thereof.''

For the reasons heretofore expressed, the court erred in allowing the trustee credit for its costs expended in the litigation which was finally decided adversely to it in *Estate of Gilmaker, supra,* 57 Cal.2d 627. Such error, however, was in the amount of $513.58 only, inasmuch as the approval and allowance of $97.70 embodied in the order with respect to the third account current and report, which had become final, was no longer subject to attack. (See *Security-First Nat. Bank* v. *Superior Court,* 1 Cal.2d 749, 752 [37 P.2d 69].) There was also error in authorizing and directing payment of attorneys' fees out of the trust estate for services rendered on behalf of the trustee with relation to that litigation. But, since the order for the sum of $1,000 does not disclose what portion thereof was for legal services for which the trustee could not properly receive payment out of trust funds, that portion of the order must be reversed and the matter remanded for further proceedings in accordance with the applicable law as set forth herein.

The beneficiary also asserts that the trustee must make reimbursement to the trust for expense incurred by the beneficiary in successfully resisting the position of the trustee with respect to the issues ultimately determined by the Supreme Court. In its fourth and final account and report, the trustee showed that, with respect to the beneficiary's costs and counsel fees, it had made payment to the beneficiary and his attorney of sums in the total amount of $6,713.43 out of the principal of the trust estate. That amount was paid pursuant to an order of the court made on July 24, 1962, in response to the beneficiary's petition. It was an order which the court had jurisdiction to make. (See *Estate of Swanson,* 171 Cal.App.2d 437, 440-441 [340 P.2d

695].) Since the trustee had acted in compliance with an order which the beneficiary himself had sought and obtained, the beneficiary was thereafter in no position to object.

 The beneficiary contends that the trustee should not have been allowed compensation for services during the period covered by the fourth and final account and report. It is to be noted that the trustee made no claim for additional compensation because of the litigation but only sought compensation for its "ordinary and usual duties rendered to the trust." It asked for an allowance of $3,200 as compensation for its services during the period covered by the account and report. In its order the court allowed that amount. The extent of the allowance of compensation to the trustee for its work in the ordinary administration of the trust estate was a matter for the determination of the court in the exercise of a sound discretion. In making such determination, it was within that court's province to consider the conduct of the trustee in the management of the trust property. (See *Estate of McLellan*, 35 Cal.App.2d 18, 22 [94 P.2d 408]; Rest. 2d Trusts, § 243.) The services of an ordinary nature rendered by the trustee were of substantial value. The beneficiary, as appellant, has failed to show that there was any abuse of discretion. There was no error.

The order of August 13, 1962 (which was entered on September 24, 1962) authorizing and directing the trustee to pay the sum of $708.75 to its attorneys is affirmed. The order dated September 24, 1962 (which was entered on October 25, 1962) authorizing and directing the trustee to pay to its attorneys the sum of $3,850 is reversed.

The order settling the fourth and final account and supplement thereto, and report of trustee, overruling and disallowing exceptions, allowing fees to trustee and trustee's attorneys, and directing distribution to the successor trustee, dated February 25, 1963 (which was entered on March 6, 1963), is reversed as to the following portions thereof only: the portion overruling and disallowing the objections and exceptions of the beneficiary to the items in the total amount of $513.58 for clerk's and reporter's transcripts and printing of briefs; and the portion authorizing and directing the trustee to pay its attorneys the sum of $1,000, and, as to such latter portion, the matter is remanded to the superior court for further proceedings in accordance with the views expressed in this opinion. Except as to the specific portions so reversed, the order is affirmed.

The beneficiary, as appellant herein, shall recover from the respondent his costs on appeal.

Shinn, P. J., concurred.

Files, J., deeming himself disqualified, did not participate.