398 So.2d 1173 (1981)
SUCCESSION OF Anna Gray Sweeney NOE.
No. 14530.
Court of Appeal of Louisiana, Second Circuit.
April 27, 1981.
Rehearing Denied June 4, 1981.
*1174 Cook, Yancey, King & Galloway by Clarence L. Yancey, Shreveport and Hodge & Skoog by Richard E. Hodge, Los Angeles, Cal., for plaintiff-appellant, Linda Noe Laine.
Pugh & Pugh by Robert G. Pugh, Shreveport, for Co-Testamentary Executors of the Last Will and Testament of Anna Gray Sweeney Noeappellees, James A. Noe, Jr. and Charles Thomas Munholland.
Blackwell, Chambliss, Hobbs & Henry by Douglas C. Caldwell, West Monroe, for defendant-appellee, James A. Noe, Jr., Individually and as Trustee of the Anna Gray Sweeney Noe Trust for Cristel McRae Noe Laine.
Snellings, Breard, Sartor, Inabentt & Thrasher by Ryan Sartor, Monroe, for the nonresident minor, Cristel McRae Noe Laine.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied June 4, 1981.
*1175 HALL, Judge.
In this proceeding the mother of the minor beneficiary of a testamentary trust established by the minor's grandmother seeks to remove the trustee named in the will and to have herself appointed as trustee. Originally, petitioner sought modification of the trust under LSA-R.S. 9:2026, alleging changes in circumstances since the will was executed by the decedent which would defeat the purposes of the trust if the trust was continued unchanged. After an exception of no cause of action was sustained, with the court ultimately granting leave to amend, petitioner amended to also seek removal of the trustee under LSA-R.S. 9:1789, alleging conflict of interest and hostility. Judgment was rendered sustaining exceptions of no cause of action and res judicata and petitioner appealed. We find the exception of no cause of action was properly sustained and affirm the dismissal of plaintiff's suit to remove the trustee.
The primary issue on appeal is whether plaintiff has stated a cause of action to modify the trust by removing the designated trustee and naming plaintiff as trustee. We hold that the allegations of fact contained in plaintiff's petition, as supplemented and amended several times, if proved, are not sufficient as a matter of law to justify the court in granting the relief sought.
Mrs. Noe died in 1972, leaving a will she executed in 1961. She bequeathed a 2/9 interest in her estate to each of her three children, petitioner Linda Noe Laine, James A. Noe, Jr. and Gay Noe McLendon. Petitioner's share was left in trust, with her sister and her sister's husband as trustees. The decedent bequeathed a 1/9 interest in her estate to each of her three sets of grandchildren to be held in trust for them. The parents of the grandchildren were named trustees of the respective trusts, except for the trust created for petitioner's daughter. Named trustees of this trust were James A. Noe, Jr. and Gay Noe McLendon.
Mr. Noe died several years after his wife, leaving a will disposing of his estate in a similar fashion. However, Mr. Noe had changed his will so that petitioner's inheritance was not left in trust and petitioner was named trustee of the trust created for her daughter by his will.
Both successions are still under administration, with James A. Noe, Jr. and C. T. Munholland as executors. The legatees have not been sent into possession and no property has been delivered to the trustees of the various trusts established by the Noes' wills. Consequently, there has been no administration of the trusts by the trustees.
Gay Noe McLendon filed an act declining to accept as trustee of petitioner's daughter's trust. At the time this proceeding was instituted, James A. Noe, Jr. had not accepted the trust; subsequently, he filed a formal act of acceptance. Petitioner makes no complaint about the delay in his filing of the acceptance or about the fact that the successions are still under administration.
The essential allegations of plaintiff's petition, as amended, are as follows:
(1) At the time of execution of the will and thereafter there was a complete lack of harmony and trust between the decedent and the husband of petitioner and for this reason, and not because of any belief by decedent that plaintiff was in any way incompetent to deal with and manage the inheritance of her daughter, the interest of the daughter was placed in trust with plaintiff's sister and brother as trustees thereof;
(2) Plaintiff has since divorced her husband and for years has lived alone without any contact whatever with him;
(3) Because the problem of distrust of plaintiff's husband no longer exists and plaintiff is thoroughly capable of managing the affairs of her daughter through the trust, there is no longer any reason why plaintiff should not be trustee of the trust. The trust should be modified under the provisions of LSA-R.S. 9:2026;
(4) The last will of plaintiff's father, written after the divorce of plaintiff from her husband and after the date of *1176 the will of Mrs. Noe, does not name plaintiff's brother and sister as the trustees of the trust for plaintiff's daughter; rather, said will names plaintiff as the trustee;
(5) The court has already held in this proceeding on the petition of plaintiff that the trust affecting her personal inheritance was null and void under Article 2026 because the reason for establishing the trust no longer existed; and the relief sought herein is merely a corollary to that holding;
(6) James A. Noe, Jr., individually and as co-executor, was named defendant and C. T. Munholland as co-executor was named defendant;
(7) The change in circumstances referred to herein, that is, the divorce by plaintiff from her husband and her living separate and apart from him without any communication from him for a number of years, took place following the execution by Mrs. Noe of her Last Will and Testament and she did not know and did not anticipate said events which completely removed any influence on plaintiff which her said husband have had over her;
(8) The important thing for the benefit of the estate of the minor is that a competent trustee and one in whom she has confidence be appointed. Plaintiff was made trustee of the minor's property inherited from plaintiff's father, James A. Noe, under the terms of his will and she should also be trustee of the property inherited by her minor daughter under the terms of the will of Mrs. Noe;
(9) James A. Noe, Jr. is disqualified as trustee and should be removed for the reason that hostility exists between him and the beneficiary. The minor lives with her mother, the plaintiff, at her home in San Francisco, California. James A. Noe, Jr. lives at his home in New Orleans. No fraternization exists between Noe and his said sister and niece. No visitation occurs back and forth. Dealings are at arms-length or through attorneys and the parties are utterly incompatible, whereas total compatibility exists between plaintiff and her daughter. In view of this atmosphere of distrust and incompatibility, it is impossible to have a satisfactory relationship of trustee and beneficiary. Further, plaintiff is named as trustee for her daughter under the will of the father. There can be no cooperation between her and James A. Noe, Jr. as trustee under the will of Mrs. Noe, thus making for a most difficult if not impossible climate for the administration of the trust established for the benefit of the minor daughter;
(10) James A. Noe, Jr. was named as trustee for his own children in the trust set up in the will of the testator for the benefit of such children. In the course of the partition of the assets of this succession and the administration of the various trusts established under the will of the decedent, there will be many complex dealings between the estate of the children of James A. Noe, Jr., of which he will be trustee, and the estate of the minor child of the plaintiff, of which he also stands to be trustee, and in the normal course of human behavior it is natural for a person to prefer his own children over the child or children of others, especially where the hostility exists as described above. The conflict of interest standing alone is sufficient ground for removal of the trustee or his disqualification to act as such; and
(11) James A. Noe, Jr. is barred from qualification as trustee by the terms of the will in that under the provisions establishing the subject trust it is ambiguous whether or not one of the two trustees designated may qualify alone where the other has refused to accept qualification, and where such refusal occurs prior to the transfer of any trust corpus to the designated trustees.
Petitioner argues that her petitions, as amended, set forth a cause of action to have her substituted as trustee in place of her brother on several grounds:
(1) the trust should be modified because of change of circumstances, i. e. her divorce from her former husband and the changes in her father's will, under LSA-R.S. 9:2026;
*1177 (2) the trustee named in the will should be removed because of hostility and conflict of interest under LSA-R.S. 9:1789; and
(3) the court should appoint a trustee because the provision in the will does not provide for a trustee in the event of resignation by one of the named trustees.
LSA-R.S. 9:2026 provides:
"The proper court may order the termination or modification of a trust, in whole or in part, if, owing to circumstances not known to a settlor and not anticipated by him, the continuance of the trust unchanged would defeat or substantially impair the purposes of the trust."
The decedent established trusts for each of her grandchildren, including plaintiff's child, each trust to endure until the beneficiary becomes 31 years of age. The obvious central purpose of the trusts is to provide for administration of that part of her estate left to each grandchild in accordance with the provisions of the trust instrument during the grandchild's minority and until he or she reaches an age of mature judgment as determined by the settlor of the trusts. The change of circumstances alleged i. e., petitioner's divorce from her husband whom the settlor did not trust and the naming of petitioner as trustee in her father's will, does not constitute legal reason to modify the trust by removing the named trustee and substituting petitioner as trustee. The continuation of the trust unchanged, with Noe as trustee, will not defeat or substantially impair the purpose of the trust.
LSA-R.S. 9:1789 provides:
"A trustee may be removed in accordance with the provisions of the trust instrument or by the proper court for sufficient cause shown."
Decedent's will makes no provision for removal of the named trustees; therefore, the trial court was vested with the discretion to remove the trustees if sufficient cause was established. Petitioner contends, as noted above, that hostility coupled with a conflict of interest is sufficient to require removal of a trustee.
The parties have, in excellent briefs, cited extensive authority dealing with the removal of trustees for reasons of hostility and conflict of interest.[1] It can be stated as a general rule that neither conflict of interest, particularly where the settlor knew of the potential conflict at the time the trust was created and the trustee named, nor hostility, of itself, constitutes sufficient cause for removal of a trustee unless it materially impairs or interferes with the proper administration of the trust. Consequently, in order to allege a cause of action for removal of a trustee on these grounds, there must be not only allegations of conflict of interest and hostility, but also factual allegations of impairment or interference with the proper administration of the trust. The petitions as amended in this case do not contain factual allegations which relate the alleged hostility and conflict *1178 of interest to improper administration of the trust.
The only conflict of interest alleged here is co-ownership of trust property by the trustee individually and as trustee of other trusts, a common and usual situation in testamentary trusts involving family property. In general, the trustee's interests in his several capacities will be consistent with one anotherwhat is best for one will be best for the other. The petition alleges future "complex dealings" but fails to allege specific facts regarding the nature of the complex dealings, the specific conflict involved or the manner in which the administration of the trust will be adversely affected. Without such factual allegations presenting real and existing conflicts of interest coloring the judgment of the trustee and making it difficult or impossible for the trustee to discharge his duties to the trust and beneficiary, no cause of action to remove the trustee is set forth.
The allegations of hostility amount to nothing more than allegations of social or family animosity and incompatibility. In view of the fact that the trust property has not yet been delivered to the trustee, that the trust is not active and functioning, and that the trustee has not yet had occasion to act, the allegations of hostility in the petition cannot be factually related to the administration of this trust. Mere hostility is not grounds for removal of a trustee; it is only where such hostility interferes with the proper administration of the trust that it constitutes reason for removal. The petition here contains no factual allegation of improper administration of the trust arising from the alleged hostility.
Even if the allegations of hostility were proved, such would not support discretionary removal of the trustee by the court, absent allegations and proof that such hostility adversely affects the administration of the trust and the interest of the beneficiary therein. There are no such factual allegations here, only conclusionary allegations necessarily based on speculation and future uncertain events, not facts.
The court has discretion to remove a trustee upon a showing of sufficient cause. When confronted with an exception of no cause of action, it is proper for a court to take the factual allegations of the petition and make the determination that even if the allegations are accepted as true, the existence of such facts would not, as a matter of law, justify the court in exercising its discretion to remove the trustee.
Appellant makes no complaint about any action or nonaction of the trustee. No complaint is made about the delay in acceptance of the trust by the trustee. No complaint is made about the continued administration of the succession by the executors, of which the defendant trustee is one, and the fact that the trust property has not been delivered to the trustee. There are no allegations that the hostility or conflict of interest has influenced defendant's conduct as executor of the estate in a manner adverse to the trust or the beneficiary.
The factual allegations of the petition, accepted as true, do not justify removal of the trustee at this stage. The exception of no cause of action was properly sustained. Dismissal of plaintiff's suit is without prejudice to the right of the beneficiary in the future to again seek removal of the trustee upon specific allegations of conflict of interest or hostility adversely affecting the administration of the trust in specific ways.
The provision of the will naming the trustees provides:
"... I name James A. Noe, Jr. and Gay Noe McLendon as Trustees for each of said Trusts, of which one of the children of Linda McRae Noe Laine shall be a beneficiary. Should only one of said Trustees be able to serve, for whatever cause, the other shall continue to serve alone with full authority...."
Although the provision is nonsensical when read literally, the testator-settlor's obvious intent was to provide that if one of the named trustees should be unable to serve, then the other trustee should continue to serve alone with full authority. Petitioner's *1179 argument that the effect of the provision, with one of the trustees having declined to serve, is to cause a vacancy in the position of trustee which should be filled by appointment by the court is without merit.
The decision on the central issues of the appeal being dispositive of the case, it is unnecessary to consider the several other issues, mostly procedural, raised by the parties.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.
NOTES
[1] Succession of Supple, 274 So.2d 790 (La.App. 4th Cir. 1973); Succession of Dunham, 393 So.2d 438 (La.App. 1st Cir. 1980), writ granted 397 So.2d 802 (La.1981); Restatement of Trusts 2d, § 107; Oppenheim & Ingram, Civil Law Treatise, Vol. 11, Trusts, § 136; 63 A.L. R.2d 523, Annotation: Hostility between trustee and beneficiary as ground for removal; Levan, "Removal of the Trustee for Cause", 34 La.L.Rev. 289, 291 (1974); 90 Corpus Juris Secundum "Trusts", §§ 231 and 232; G. Bogert, The Law of Trusts and Trustees § 527 at 53-54; 1A W. Nosaman & J. Wyatt, Trust Administration and Taxation, § 26.11 [2] at 26-38; 76 Am. Jur.2d "Trusts" § 131 at 372; Ingalls v. Ingalls, 257 Ala. 521, 59 So.2d 898, 910 (1952); In re Estate of Sells, 15 Ohio App.2d 23, 238 N.E.2d 803, 811-12 (1968); In re Estate of Croessant, 482 Pa. 183, 393 A.2d 443, 446 (1978); Jennings v. Murdock, 220 Kan. 182, 553 P.2d 846, 870 (1976); Matter of Estate of Amason, 369 So.2d 786, 791 (Ala.1979); In re Gilmaker's Estate, 57 Cal.2d 627, 21 Cal.Rptr. 585, 371 P.2d 321 (1962); Overell v. Overell, 78 Cal.App. 251, 248 P. 310 (1926); Matter of Estate of Gilliland, 73 Cal.App.3d 515, 140 Cal.Rptr. 795 (1977); Goto v. Goto, 187 Cal.App. 603, 10 Cal.Rptr. 20, 23 (1960); In re Bixby's Estate, 55 Cal.2d 819, 13 Cal.Rptr. 411, 362 P.2d 43, 47 (1961); In re Koretzky's Estate, 8 N.J. 506, 86 A.2d 238 (1951); In re Graves' Estate, 110 N.Y.S.2d 763, 767 (Sur.Ct.1952); Morrison v. Asher, 361 S.W.2d 844, 852 (Mo.Ct.App.1962); White v. White, 15 S.W.2d 1090, 1093 (Tex.Civ.App. 1929).