Filed 4/29/15  Troncale v. Urban CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TERESA TRONCALE, as Trustee, etc., | B258379 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BP145491) |
| v. | |
| CAROL ANN URBAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel S. Murphy, Judge.  Affirmed.

Carol Ann Urban, in pro. per., for Defendant and Appellant.

Gaudy Law, Inc., Jason L. Gaudy and Andrew R. DeLoach for Plaintiff and Respondent.

Carol Ann Urban (Urban) was appointed co-trustee of a family trust of which she and her three sisters were the sole beneficiaries. One of the sisters, Teresa Troncale (Troncale), filed a petition to remove Urban as trustee on the ground that hostility between Urban and her siblings impaired the proper administration of the trust. Urban filed a "counter-claim" alleging a litany of complaints about Troncale and the other beneficiaries. The trial court removed Urban as trustee and dismissed the counter-claim without prejudice. Urban appealed and contends that the court erred in removing her as trustee. We conclude the court did not abuse its discretion and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 2003, the parties' mother, Lottie Urban, established the Urban Family Trust.[1] The trust appointed Urban "and/or" Troncale as the successor trustees and provided that, upon Lottie's death, the trust estate would be divided equally among Lottie's four daughters. The trust was later amended to provide that, upon Lottie's death, Urban and Troncale "shall act as Co-Successor Trustees, and they must act together."

On July 10, 2003, Lottie signed a statement written by Urban (July 10 Statement) that provided "[Lottie] wants [Urban] to live [in the family home (Pasadena Property)] RENT FREE" and, in exchange, Urban would "[c]are for [Lottie] completely in her remaining years of life."

On February 9, 2013, Lottie died. The sole asset remaining in the trust was the Pasadena Property. Troncale attempted to sell that property in order to divide the proceeds of the sale among the four beneficiaries. However, Urban refused to list the property for sale.

On September 27, 2013, Troncale filed a petition under Probate Code section 17200[2] seeking to remove Urban as co-trustee on the ground that hostility

---

[1]    For simplicity and clarity, we refer to Lottie Urban by her first name. We intend no disrespect or undue familiarity.

[2]    Probate Code section 17200 provides that a trustee or beneficiary of a trust may petition the court to remove a trustee. (Prob. Code, § 17200, subd. (b)(10).)

between Urban and her siblings impaired the administration of the trust. On December 12, 2013, Urban filed an "answer" acknowledging that there was hostility between her and her sisters but arguing that the sale of the Pasadena Property would violate the July 10 Statement. Urban also filed a "counterclaim" alleging, among other things, that her sisters had prevented her and Lottie from living in the Pasadena Property after 2003.

Both Urban and Troncale participated in a hearing on April 24, 2014 at which oral and documentary evidence was taken. There is no transcript of the oral proceedings before us on appeal. The court found that "[t]he trust is void of liquidity and . . . in order to comply with the trust terms (i.e., the trust assets be divided equally between the four siblings) the [Pasadena] [P]roperty needs to be sold. Urban refuses to cooperate in getting the [P]asadena [P]roperty listed for sale." The court also concluded that the July 10 Statement did not amend the trust or give Urban a life estate in the Pasadena Property. On the ground that "[t]he hostility between [] Urban and her siblings . . . has significantly impaired the administration of the trust," the court removed Urban as trustee. Judgment was entered on June 23, 2014, and Urban timely appealed.[3]

## *CONTENTIONS*

We interpret Urban's appeal to be asserting that the removal order should be reversed.[4]

---

**3**      We deny Urban's request for judicial notice of documents filed after judgment was entered because they are not pertinent to the issues on appeal.

**4**      Urban also argues on appeal that the trial court erred in dismissing her counterclaim for "senior financial abuse" and in excluding "11 years of financial records" in support of that counterclaim. However, Urban does not argue that this dismissal prejudiced her rights in any way. (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 [the appellant bears the burden of demonstrating that the trial court's error resulted in a miscarriage of justice].)

3

## *DISCUSSION*

The trial court has discretion to remove a trustee. (*Estate of Gilmaker* (1962) 57 Cal.2d 627, 633.) Under Probate Code section 15642, "[t]he grounds for removal of a trustee by the court include . . . [¶] . . . [¶] [w]here hostility or lack of cooperation among cotrustees impairs the administration of the trust." (Prob. Code, § 15642, subd. (b)(3).) In addition, "[h]ostility between the beneficiary and the trustee is a ground for removal of the trustee when the hostility impairs the proper administration of the trust. [Citations.]" (*Estate of Gilmaker, supra,* 57 Cal.2d at p. 632.)

The record on appeal does not include a reporter's transcript or other record of the oral proceedings on the petition. Therefore, we cannot determine what testimony was given at the hearing and are left with a judgment roll appeal. (See Cal. Rules of Court, rule 8.120(b).) "In a judgment roll appeal . . . [t]he sufficiency of the evidence is not open to review. The trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924; see also Cal. Rules of Court, rule 8.163.)

Here, the trial court exercised its discretion to remove Urban as trustee because "the hostility between [her] and her siblings . . . significantly impaired the administration of the trust . . . . " Urban does not dispute that hostility existed between her and her siblings, nor could she effectively do so as we must presume that this finding of fact was supported by substantial evidence.

Urban does argue that the court erred in not enforcing the July 10 Statement's provision that she was entitled to live in the Pasadena Property. However, Urban does not address the trial court's specific conclusions that the July 10 Statement did not amend the trust and did not give Urban a life estate in the Pasadena Property. Accordingly, she has not met her burden as the appellant of affirmatively establishing that the court erred. (See *Paterno v. State of California, supra,* 74 Cal.App.4th at p. 106 [the appellant bears the burden of affirmatively establishing error]; see also *Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873 ["An appellate court is not

required to consider alleged errors where the appellant merely complains of them without pertinent argument.  [Citations.]"].)

On these grounds, Urban has not established that the court abused its discretion by removing her as trustee.

### *DISPOSITION*

The order is affirmed.  Respondent shall recover her costs on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

EGERTON, J.[*]

WE CONCUR:

EDMON, P. J.

KITCHING, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.