Filed 10/21/20  Josiah v. Jackson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MARSHA JOSIAH, as Trustee, etc., | C089963 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2017-00219410) |
| v. | |
| ROBIN E. JACKSON, | |
| Defendant and Appellant. | |

Robin E. Jackson (Jackson) appeals from an order removing her as a successor cotrustee of the Eddie Copeland Neighbors Trust (Trust) and surcharging her beneficial interest in the estate because she breached her fiduciary duties by using trust-owned property as a personal asset.  We conclude that the record on appeal and Jackson's briefing are inadequate to permit review.  We therefore are compelled to rely on the presumption of correctness and affirm the judgment.

1

BACKGROUND LAW

The Probate Code sets forth the duties of a trustee in administering a trust.[1] (§ 16000 et seq.; *Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 888.)  Those duties include, among others, (1) a duty of loyalty; (2) a duty of impartiality; (3) a duty to avoid conflicts of interest; (4) a duty to preserve trust property and make it productive; (5) a duty to exercise reasonable care, skill, and prudence in administering the trust; and (6) a duty to keep the beneficiaries of the trust reasonably informed of the administration of the trust.  (§§ 16000-16015, 16040, subd. (a), 16060; *Uzyel, supra*, at p. 888.)  A trustee also has a duty to administer the trust diligently and in good faith in accordance with the terms of the trust and applicable law.  (Rest.3d Trusts, § 76; § 16000; *O'Neal v. Stanislaus County Employees' Retirement Assn.* (2017) 8 Cal.App.5th 1184, 1209; *Uzyel*, at p. 888.)  A trustee's violation of any duty owed to the beneficiaries is a breach of trust.  (§ 16400.)

When a trustee commits a breach of the trust, the trustee is chargeable with any loss or depreciation in value of the estate resulting from the breach, any profit made by the trustee through the breach, and any profits that would have accrued to the estate but for the breach.  (§ 16440; *Williamson v. Brooks* (2017) 7 Cal.App.5th 1294, 1301.)  A broad range of remedies is available to address a trustee's actual or threatened breach of trust.  (*Estate of Giraldin* (2012) 55 Cal.4th 1058, 1068.)  Those remedies include compelling the trustee to perform its duties, enjoining the trustee from breaching the trust, setting aside the trustee's acts, reducing or denying the trustee's compensation, removing the trustee, and "compel[ing] the trustee to redress a breach of trust by payment of money or otherwise."  (§§ 15642, 16420, 17200.)  The reference to " 'payment of money' " is comprehensive and includes liability that might be characterized as a surcharge to be satisfied from the trustee's distributive share of the estate.  (*Estate of*

---

[1]    Undesignated statutory references are to the Probate Code.

*Giraldin, supra*, 55 Cal.4th at p. 1068; *Chatard v. Oveross* (2009) 179 Cal.App.4th 1098, 1105-1106, 1114; see also § 1300.)

A trial court has wide discretion to select the appropriate remedy for a trustee's breach of duty. (§§ 16440, subd. (b), 16442, 17206; *Estate of Gump* (1991) 1 Cal.App.4th 582, 610; see also *Estate of Gilmaker* (1962) 57 Cal.2d 627, 633 [removal is discretionary].) We defer to a trial court's factual findings so long as they are supported by substantial evidence, and determine whether, under those facts, the court abused its discretion. (*Estate of Bonaccorsi* (1999) 69 Cal.App.4th 462, 471-472 [surcharge order reviewed for abuse of discretion]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 991 [factual findings reviewed for substantial evidence]; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957 [discussing abuse of discretion standard].)

FACTUAL AND PROCEDURAL BACKGROUND

In January 2009, Eddie Copeland Neighbors (the Settlor) created the Trust for the benefit of her two daughters, Jackson and Marsha Josiah (Josiah), who were to share equally in her estate. The principal asset of the Trust was the Settlor's residential home in Sacramento (the home), which was transferred to the Trust.

In July 2010, around the time that the Settlor was placed in a long-term care facility, Jackson and her husband began living in the home.

In June 2015, the Settlor passed away and Jackson and Josiah became the successor cotrustees of the Trust. Shortly thereafter, in August 2015, Jackson recorded a grant deed transferring title of the home from the Trust to herself and her husband.

In September 2017, Josiah filed a petition alleging that Jackson engaged in self-dealing and breached her fiduciary duties by transferring title to the home and by residing in it without paying rent to the Trust. Josiah sought, among other relief, an accounting of the Trust's assets, an order removing Jackson as a successor cotrustee, an order requiring that the home's title be returned to the Trust, an order requiring Jackson and her husband

to pay rent for the period during which they resided in the home after the Settlor's death, and an order allowing Josiah to sell the home. Jackson opposed the petition.

Trial on the petition commenced November 29, 2018. Josiah was represented by legal counsel and Jackson appeared in propria persona. After hearing testimony from Jackson, Josiah, and an appraiser called to address the fair rental value of the home, the court found the home to be a Trust asset. The court rejected Jackson's claim that there was an agreement to allow Jackson to transfer title of the home from the Trust to Jackson and her husband. The court ordered that title be returned to the Trust, and continued the remainder of the trial to March 22, 2019. The court advised the parties that the remainder of the trial would focus on settling the Trust's accounts and the propriety of a surcharge order for Jackson's breach of duty to the Trust. The court ordered the parties to meet and confer in advance of a status conference set for February 19, 2019.

At the February 19 status conference, which was not reported, the court determined that Jackson was unwilling to cooperate in relation to the appraisal of the home or the correction to the home's title. The court ordered that Jackson be suspended as a cotrustee, that the home immediately be retitled in the name of the Trust, and that an appraisal of the home be completed by March 12, 2019. When Jackson refused to sign a grant deed transferring title back to the Trust, the court granted an ex parte application authorizing the clerk to sign the deed as an elisor.

On March 22, 2019, trial resumed with the court focusing on the appraised value of the home, the fair rental value of the home during Jackson's occupancy, and any credits to which Jackson might be entitled for paying the home's mortgage, taxes, or other expenses benefitting the Trust. Josiah presented documentary evidence regarding the appraised and fair rental values of the home.

The court found that Jackson failed to present any evidence to support her claims that she paid expenses benefitting the Trust. However, the court agreed to give Jackson a

4

limited amount of additional time to submit documentary evidence. Jackson timely filed a responsive declaration.[2]

On April 22, 2019, the court issued a tentative ruling, to which objections were filed. The court heard additional argument related to the objections on June 7, 2019. The court then entered a final order on June 25, 2019. The court's order provides that (1) the home is an asset of the Trust; (2) Jackson owes $79,650 for the fair rental value of the home for the period from July 1, 2015, through March 31, 2019; (3) Jackson is entitled to a credit (offset) of $73,921.43 toward the fair rental value for mortgage payments, taxes, and other expenses she paid with her personal funds; and (4) as long as Jackson continues to occupy the home, fair market rent (less any offsetting credits) shall continue to accrue.[3] The court ordered Jackson removed as a successor cotrustee, but denied Josiah's request to require Jackson to vacate the home so that it could be sold. Jackson filed a notice of appeal on June 28, 2019.

## DISCUSSION

On appeal, Jackson challenges the trial court's implied finding that she breached her fiduciary duties and engaged in self-dealing by transferring title of the home from the Trust to herself (and her husband) and occupying the home for several years without paying rent to the Trust. Although Jackson's brief is difficult to follow, the gravamen of her claim appears to be that the evidence does not support a finding that her conduct

---

[2]     The 23rd Declaration is not included in the record on appeal. Although Jackson complains that many documents listed in the docket were not included in the record on appeal, it appears the documents are missing because she omitted them from her notice designating the record on appeal.

[3]     Jackson characterizes the court's order as holding her liable for personal damages to Josiah, but we construe the order as imposing a surcharge on Jackson for the harm she caused to the Trust itself. (See *Williamson v. Brooks, supra*, 7 Cal.App.5th at p. 1301; *Chatard v. Oveross, supra*, 179 Cal.App.4th at p. 1106.)

5

breached any fiduciary duties or caused any personal damages to Josiah. We conclude that Jackson has forfeited her claims by filing an inadequate brief and record.

## I

### *Inadequacy of the Record and Appellant's Brief*

" ' "A judgment or order of the [trial] court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . ." . . . [Citation.]' [Citation.]" (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435, italics omitted.) We will not reverse a judgment or order unless the appellant affirmatively demonstrates error by an adequate record. (*Ibid*.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.]" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; *Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46.)

The record here is plainly inadequate as it does not include a complete record of the evidence presented at trial. Although we have a reporter's transcript for the first day of trial, Jackson has not provided a reporter's transcript or any adequate substitute for the second day of trial. As a result, we do not know what evidence was received and considered by the court on the second day of trial, including whatever "documentary evidence" was presented by Josiah.

Also missing from the record is documentary evidence on which the trial court explicitly relied in reaching its decision. In its decision, the trial court described Jackson's "23rd Declaration" as the basis for its calculation of the credit given to Jackson for paying expenses on behalf of the Trust. But Jackson's 23rd Declaration is not part of the record on appeal. Thus, we are prevented from reviewing the court's calculations of the offset.

6

The record also omits most of the opposing party's pleadings and declarations, such as Josiah's objection to the court's tentative decision.[4]

As we recognized in *Osgood v. Landon, supra*, 127 Cal.App.4th 425, " 'a record is inadequate . . . if the appellant predicates error only on the part of the record he [or she] provides the trial court, but ignores or does not present . . . portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed.' " (*Id.* at p. 435, quoting *Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302; *Estate of Fain, supra*, 75 Cal.App.4th at p. 992.) Without an adequate record to overcome the presumption that the court's ruling was correct, we must affirm.

In addition to Jackson's failure to provide an adequate record, her briefing also is woefully deficient. To demonstrate error, " 'an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his [or her] claim.' " (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 204.) " 'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' [Citation.]" (*Ibid.*) An appellant must demonstrate error by presenting reasoned argument along with specific citations to the record and supporting legal authority. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.]" (*Ibid.*)

---

**4**     On our own motion, we take judicial notice of the trial court's online register of actions, available at <https://services.saccourt.ca.gov/PublicCaseAccess/Probate> [as of Oct. 21, 2020], archived at <https://perma.cc/57RB-9NQ9>. (Evid. Code, §§ 452, subd. (d), 459.)

Under the California Rules of Court, appellate briefs are required to state each point under a separate heading or subheading, which summarizes the point. (Cal. Rules of Court, rule 8.204(a)(1)(B).) Where an appellate brief fails to include proper headings, the contentions need not be considered. (*Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1346.)

When a finding of fact is attacked on the ground that there is insufficient evidence to sustain it, the appellant is required to set forth in the brief all of the material evidence on the point and not merely the evidence favorable to the appellant. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *Garlock Sealing Technologies, LLC v. NAK Sealing Technologies Corp.* (2007) 148 Cal.App.4th 937, 951.) Unless this is done, the error is deemed to be forfeited. (*Ibid.*)

Jackson has failed to comply with these rules in her appellate brief.[5] Her brief makes numerous assertions of law and fact that are not supported by citations to any authority or facts in the record.

Where Jackson cites legal principles, she generally fails to explain how they apply to the facts of this case. For example, she repeatedly refers to the due process clause in her statement of facts, but never discusses it in the argument portion of her brief. Similarly, she cites section 16060, but does not explain how that statute relates to the trial court's decision in this case.

Her brief refers to laches and the statute of limitations, but she did not include either defense in her argument headings, and her discussion of them is conclusory, disjointed, and devoid of meaningful legal analysis. She also makes no attempt to show that the laches defense was raised in the trial court.[6] (*Kaufman & Broad Communities,*

---

[5] Jackson did not file a reply brief.

[6] Unlike the laches defense, Jackson cites to pages in the record where she allegedly raised a statute of limitations defense (albeit under § 16061.7 rather than § 16061.8). But

8

*Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212, 226 [failure to raise claim in trial court forfeits it on appeal]; *City of Oakland v. Public Employees' Retirement System* (2002) 95 Cal.App.4th 29, 52-53 [laches cannot be raised for first time on appeal].)

Jackson challenges the sufficiency of the evidence to support a finding that she breached her fiduciary duties, but she fails to provide a fair summary of the material evidence bearing on that issue, discussing only evidence that is favorable to her position and virtually ignoring the evidence to the contrary, such as Josiah's contradictory trial testimony.

We are mindful that Jackson appears in this court without counsel, but that does not exempt her from the rules governing appeals. The law affords self-represented litigants " 'the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.)

Given the deficiencies of Jackson's brief and the inadequacies of the appellate record, we are compelled to conclude that Jackson has forfeited whatever contentions she was attempting to assert on appeal.

---

even if Jackson preserved that claim for appeal by briefly referring to it in one of her declarations, we fail to see how the cited statute has any application to this case, which involved a petition to enforce the Trust, not to contest or revoke it. (*Yeh v. Tai* (2017) 18 Cal.App.5th 953, 967; see also § 21310, subd. (b)(5).)

## DISPOSITION

The trial court's order is affirmed.  Each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

                                         _____KRAUSE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____HOCH_____, J.

10