[Civ. No. 9018. First Appellate District, Division Two.—October 5, 1933.]

CHARMION CONLEY, Appellant, v. EFFIE C. WAITE, as Administratrix, etc., et al., Defendants; L. K. SMALL, Respondent.

Lynden Bowring for Appellant.

Lobdell & Watt for Respondent.

NOURSE, P. J.—The plaintiff sued to quiet title to a 3/24th undivided beneficial interest in certain real property held by defendant Small as trustee under a trust agreement which was pleaded in full in the complaint. The trustee was joined as a party defendant, but for what reason it does not appear. The trustee filed an answer denying, on lack of information or belief, plaintiff's claim of title, and pleading, as was done in the complaint, the declaration of trust and his right to act as trustee under it. He did not, however, make any claim to the beneficial interests in the real property which were in issue. Before the cause was tried the defendant Waite abandoned her defense and stipulated that plaintiff might take judgment as prayed for. The trustee made the same stipulation, but claimed the right to an allowance of counsel fees for appearing and defending the action. Judgment was accordingly entered for plaintiff as prayed in her complaint, but the trustee was awarded the sum of $150 for counsel fees, which was made a lien on plaintiff's interest in the property. The plaintiff has appealed from the portion of the judgment covering these fees.

The rule of law applicable to the question is that a trustee is entitled to reimbursement of all expenses actually and properly incurred by him in the performance of his trust (sec. 2273, Civ. Code); that he is not entitled to reimbursement of attorney's fees paid out in litigation which he has inaugurated unnecessarily or without warrant (*Mitau* v. *Roddan,* 149 Cal. 1, 16 [84 Pac. 145, 6 L. R. A. (N. S.) 275]; *Estate of Gartenlaub,* 185 Cal. 648, 654 [198 Pac. 209, 16 A. L. R. 520]; 39 Cyc., p. 480); but, that when an unfounded suit is brought against him by the *cestui que trust,* attorney's fees may be allowed him in defending the action and may be made a charge against the interest in the estate of the party causing the litigation. (39 Cyc., p. 480; Perry on Trusts, sec. 903a.)

The litigation here was really between two individuals claiming conflicting interests as beneficiaries of the trust estate. There does not appear to have been any reason for the joinder of the trustee as a party defendant. However, he was joined and was entitled to the benefit of counsel in

making his appearance. The trial court allowed the sum of $150 and we cannot say on the record before us that such sum was unreasonable.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.